IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE L. WALLACE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:05-cv-0893 TAG<br><br>ORDER DISMISSING ACTION ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS<br>(Doc. 25).<br><br>ORDER DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |

**BACKGROUND**

Plaintiff Stephanie L. Wallace ("Plaintiff"), is proceeding with an action in which she seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for Social Security disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case has been assigned to the Magistrate Judge to conduct all further proceedings, including the entry of final judgment. (Doc. 19).

PROCEDURAL HISTORY

Plaintiff, through counsel, filed her complaint on July 11, 2005. (Doc. 1). On April 11, 2007, the Court issued a Scheduling Order, which provided, <u>inter</u> <u>alia</u>, that Plaintiff's opening brief should be filed no later than ninety-five (95) days after Defendant lodged the administrative

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of the Social Security Administration. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

record. (Doc. 11). On September 12, 2007, Defendant filed the administrative record with the Court. (Doc. 16). On December 6, 2007, Plaintiff's counsel and his firm moved to withdraw as the attorneys of record in this case because they concluded that it lacked merit, but they could not submit a stipulation to withdraw because Plaintiff had not responded to their letter. (Doc. 20). On December 28, 2007, this Court granted the motion to withdraw and allowed Plaintiff an additional forty-five (45) days – until February 11, 2008 – to retain new counsel and to prepare her opening brief. (Doc. 22). On January 25, 2008, the undersigned issued a sua sponte order directing Plaintiff to file her opening brief on or before February 11, 2008. (Doc. 24). This order stated that "**Plaintiff is advised that if she fails to file her opening [brief] on or before February 11, 2008, this action will be dismissed for failure to comply with this Court's December 27, 2007 Order and the Instant Order. Local Rule 11-110.**" (brackets added)(emphasis in original). (Id.). A review of the docket revealed that, as of February 12, 2008, Plaintiff had not filed her opening brief. (See Dkt. Sheet). On February 12, 2008, this Court entered an Order to Show Cause as to why sanctions should not be imposed for Plaintiff's failure to comply with the Scheduling Order (Doc. 11), the December 27, 2007 order (Doc. 22), and the January 25, 2008 order (Doc. 24), specifically, for her failure to file an opening brief on or before February 11, 2008. (Doc. 25). This order directed Plaintiff to provide an acceptable explanation or file her opening brief no later than February 28, 2008. (Id.). The order further stated that "**Plaintiff is admonished that failure to timely comply with this order will result in dismissal of this action.**" (Id.) (emphasis in original). To date, Plaintiff has not filed an opening brief or any other document with the Court. (See Dkt. Sheet).

## DISCUSSION

This Court's Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a

party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Carey, 856 F.2d at 1440; Henderson, 779 F.2d at 1423.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this action has been pending since July 11, 2005.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Moreover, Plaintiff's failure to communicate with her attorneys when they contacted her, and her apparent lack of interest in this action, lend support to dismissal, rather than repeated continuances, of this case.  (See Doc. 20, Dkt. Sheet).

Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's order of February 12, 2008 expressly stated that "**Plaintiff is admonished that failure to timely comply with this**

1  **order will result in dismissal of this action.**" (emphasis in original).  (Doc. 25).  Furthermore,
2  this Court's January 25, 2008 sua sponte order also stated that "**Plaintiff is advised that if she**
3  **fails to file her opening [brief] on or before February 11, 2008, this action will be dismissed**
4  **for failure to comply with this Court's  December 27, 2007 Order and the Instant Order.**
5  **Local Rule 11-110."**  (brackets added)(emphasis in original).  Thus, Plaintiff had adequate
6  warning that dismissal would result from her noncompliance with the Court's order.
7          Accordingly, it is HEREBY ORDERED that:
8          1.      This action is DISMISSED without prejudice for Plaintiff's failure to
9  prosecute and failure to obey this Court's orders; and
10         2.      The Clerk is DIRECTED to close this case.

13 IT IS SO ORDERED.
14 Dated:   **February 29, 2008**                    /s/ Theresa A. Goldner
                                                    UNITED STATES MAGISTRATE JUDGE